UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODNEY BLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1205SNL |
| ) | |
| HC BECK and RENTAL SERVICE CORP., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| vs. ) | |
| ) | |
| AHAL CONTRACTING CO., INC., ) | |
| ) | |
| Third-Party Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendants' motion to strike plaintiff's experts (#33), filed May 3, 2006. Responsive pleadings have now been filed and the matter is ripe for disposition. This matter is set for trial on the Court's jury docket of December 4, 2006.

Defendants seek to strike the plaintiff's expert for failure to comply with the requisite disclosure deadlines set forth in the amended Case Management Order (CMO) (#30), filed February 10, 2006. In the amended CMO, the plaintiff was to disclose his expert and produce said expert's report prior to April 1, 2006. Deposition of said expert was to be taken prior to May 2, 2006. Defendants contend that plaintiff, as of the date of filing the instant motion, had not disclosed his expert nor produced said expert's report.

Plaintiff contends that he has complied with the amended CMO because he disclosed his expert, Michael D. Leshner, P.E., in answer to an interrogatory by Ahal Contracting, the third-party defendant. Plaintiff further avers that although he did not produce said expert's report by

April 1, 2006 due to an "oversight", he did produce the report on or about May 15, 2006. Finally, plaintiff contends that the motion should be denied because the defendant's counsel failed to abide by Local Rule 3.04 and did not attempt to resolve this dispute prior to filing the instant motion.

Defendants counter that disclosing the expert in answer to the third-party's interrogatory is not disclosing the expert to the defendant. Furthermore, plaintiff concedes that the expert's report was not produced in a timely manner. Finally, defendants contend that there was no need to comply with Local Rule 3.04 because there was no "dispute" in that plaintiff had clearly violated the terms of the amended CMO.

The Court has carefully reviewed the instant motion and responsive pleadings and finds that all parties concerned have been dilatory in following this Court's orders. Firstly, plaintiff was to disclose his expert to the **defendants** on or before April 1, 2006, as well as produce said expert's report by the same deadline. Disclosure to another party is **not** compliance with the terms of the amended CMO. Secondly, a mere "oversight" of forty-five (45) days lateness in producing said expert's report is not a justifiable excuse. Finally, defendants' counsel was obligated to abide by Local Rule 3.04 and alert plaintiff's counsel to the situation, even if counsel believed there was "no question" that plaintiff was in violation of the amended CMO. The fact remains that this was a discovery dispute and the purpose of Local Rule 3.04 is to encourage counsel to approach discovery disputes in a professional manner and resolve them without court intervention.

Given that the expert has now been disclosed and his report produced, the Court will deny the motion. However, the Court advises all counsel to abide by the Court's orders and both the Federal Rules of Civil Procedure, as well as the Local Rules. The Court expects counsel to

litigate this case in a professional manner and extend certain courtesies to each other in order to resolve among themselves discovery disputes such as the present one.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to strike plaintiff's expert (#33) be and is **DENIED.**

Dated this ___15th___ day of June, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE